Joseph T. Stakey No. 63518
Full Name/Prisoner Name

SAWC Mailbox 17
125 North 8th W
St. Anthony, ID 83445
Complete Mailing Address

Plaintiff/.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

JOSEPH T. STAKEY
Plaintiff/

vs.

ROGER GOODMAN, JEFF FUNK Maintenance Staffs With Idaho Department Of Correction; NOEL BARLOW-HUST Warden, South Idaho Correctional Institution; and BREE DERRICK, Director, Idaho Department Of Corrections
Defendants.

(All Defendants Are Sued In Their Individual And Official Capacities)

CASE NO. 1:25-CV-00363-DCN

AMENDED PRISONER COMPLAINT WITH JURY DEMAND

(A VERIFIED COMPLAINT)

## I. INTRODUCTION

1. This is a civil rights action filed by Joseph T. Stakey, a

PRISONER VERIFIED COMPLAINT    -pg. 1

Revised 3/24/16

state prisoner, for Compensatory, Punitive, and Damages with Injunctive Relief under 42 USC §1983, alleging verbal patterns of sexual harassment and their failure to follow the Prison Rape Elimination Act (PREA); and Idaho Department Of Corrections (IDOC) applicable law rules, regulation, policies, standard operating procedures in direct violation of the Eighth Amendment to the United States Constitution, and intentional Discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and applicable provision of Idaho law.

2. Plaintiff also seeks an Injunction, and monetary damages pursuant to the Title II of American with Disabilities Act, and the Rehabilitation Act including Idaho State Torts of direct verbal pattern of sexual assault and negligence.

3. The Plaintiff was born deaf with speech impediment and had to go to special Ed. learning disabilities school for the deaf, and hearing impaired to complete his schooling. While Plaintiff was growing up he had to attend many speech therapist for him to learn how to speak and communicate with others to understand what being said. Plaintiff wear two (2) Behind The Ears (BTE) hearing aid devices in order for him to hear and communicate. Plaintiff also rely mostly by reading other people lips for communication purpose.

4. Plaintiff is a qualify individual with physical disabilities. Plaintiff has documentation of this from audiologist, and Social Security Administration office.

PRISONER VERIFIED COMPLAINT  pg. 2

## II. JURISDICTION

5. The United States District Court for the District of Idaho has Jurisdiction over Plaintiff's claims under 42 USC §1983.
6. The United States District Court for the District of Idaho has Jurisdiction over Plaintiff's claims violation of federal Constitution right under 28 USC §§1331(1), and 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Act of Congress providing for equal rights of person within the jurisdiction of the United States.
7. The United States District Court for the District of Idaho has Jurisdiction over Plaintiff's claims violation of Prison Rape Elimination Act of 2003 (PREA) under 42 USC §15607 et seq.
8. The United States District Court for the District of Idaho has Jurisdiction over Plaintiff's claims violation of Title II of the ADA 42 USC §12101 et seq; and Section 504 of the Rehabilitation Act 29 USC §794.
9. The United States District Court for the District of Idaho has Supplemental Jurisdiction over the Plaintiff's state law Tort claims, and applicable provision of Idaho Law 28 USC §1367.

## III. PARTIES

10. The Plaintiff, Joseph T. Stakey, is incarcerated at Saint Athony Work Camp (SAWC) was working for Waste Water

Treatment for all prison facilities during the events described in this Verified complaint at South Idaho Correctional Institution.

11. Defendants Roger Goodman, and Jeff Funk at all relevant times are Maintenance staff for Waste Water Treatment employed by Idaho Department of Correction (IDOC). They are sued in their individual and official capacities. Defendants R. Goodman, and J. Funk was not acting within the course and scope of their performance duties.

12. Defendant Noel Barlow-Hust is the Warden of South Idaho Correctional Institution (SICI) and she is responsible for addressing all Administrative concern/grievance forms or information regarding Prison Rape Elimination Act, (PREA) in such as patterns of sexual harassment, and discrimination filed by SICI offenders. She is sued in her individual and official capacities. Defendant N. Barlow-Hust was not acting within the course and scope of her performance duties.

13. Defendant Bree Derrick is the Director of Idaho Department of Corrections and she is responsible to follow all protocol of Prison Rape Elimination Act (PREA) applicable law rules, regulation, policies, and Standard Operating Procedures (SOP) of their employees within IDOC. She is in charge of supervision, training, and discipline of all IDOC staff personnel for not following any guideline of PREA, ADA or RA according to their policies, SOP that are in place by IDOC. She is sued in her official capacities. Defendant B. Derrick was not acting within the course and scope of her performance duties.

PRISONER VERIFIED COMPLAINT pg. 4
Access to Court — Indigent Paper

14. All Defendants listed above have acted, and continue to act, under color of Idaho State law at all times relevant to this Verified complaint.

## IV. FACTS OF CLAIM

15. Approximately on September or October 2024, Plaintiff was hired on with Waste Water Treatment as a full time institutional driver.
16. Defendants R. Goodman and J. Funk are employed by IDOC as a Maintenance staffs for Waste Water Treatment for all prison facilities.
17. Shortly after Plaintiff was hired on with Waste Water Defendant R. Goodman began making sexual comments toward him.
18. Approximately October, 2024 Plaintiff was fixing a pipeline in a ten foot hole that a back-hoe dug up. While Plaintiff was bent over clearing some dirt, and debris around the concrete pipe with a shovel. Defendant R. Goodman stated to the Plaintiff, "Why are you showing me your butt crack, are you a faggot?"
19. Defendant J. Funk was present when this statement was made he just turned his back and walked away to his work truck ignoring the situation.
20. While Plaintiff was employed with Waste Water for six months. Defendant R. Goodman had acted inappropriately and made deliberate derogatory and discriminatory comments toward Plaintiff by stating, "Take that Dick out of your mouth so I can understand what you are talking about," in regard of work

PRISONER VERIFIED COMPLAINT pg. 5
Access to Court – Indigent Paper

task for the day.

21. There were substantial amounts of discriminating comments about the Plaintiff's speech and hearing loss disabilities when he is speaking to Defendant R. Goodman. That other offenders such as Jason Studer No. 69006, and Thomas "Tommy" Lovenberg No. 128408 had heard and witnessed this, including Defendant J. Funk.

22. Numerous times Plaintiff had voiced his concerns directly with Defendant R. Goodman that he does not joke or play like that and this is very disrespectful.

23. One morning Defendant R. Goodman was picking-up Plaintiff, and Offender J. Studer from the sally port and stated, "To him (Plaintiff) is your jaw okay from sucking Dicks over the weekend, because you are talking funny today," referring to the Plaintiff speech disabilities from not understanding him clearly.

24. On another occasion Plaintiff was sick with a sore throat and he informed Offender T. Lovenberg who works at Waste Water to let Defendant R. Goodman know he would not be coming in for work. Offender T. Lovenberg came back from work and informed Plaintiff that Defendant R. Goodman stated, "Tell Stakey (Plaintiff) to quit putting things in his mouth." Again, making derogatory sexual harassment comments referring to a Dick or Penis.

25. During Plaintiff employment with Waste Water he had made many attempts to talk with Defendant R. Goodman privately and Defendant J. Funk regarding this ongoing sexual harassment comments that were totally disregarded and was not

PRISONER VERIFIED COMPLAINT pg. 6
Access to Court – Indigent Paper

taken seriously.

26. While Offender J. Studer and Plaintiff were working together cleaning the rear screen. Defendant R. Goodman pulled up next to them in his work truck, and stated, "Why is Studer head between your (Plaintiff) legs?" When in fact that Offender J. Studer was only reaching for his work gloves on the Plaintiff driver side dash board.

27. While Plaintiff was in the work shop break room Defendant R. Goodman stated, "Is that cum on Stakey (Plaintiff) goat-Tee from you Studer?" Plaintiff and Offender J. Studer look at each others in disbelief and shock while Defendant J. Funk shaking his head sideway and walking away ignoring the situation.

28. There has been many occasions with Defendant R. Goodman sexual derogatory comments that were made toward Plaintiff, that other offenders heard and witness these ongoing statement.

29. Approximately on November or December 2024, while on their lunch break in the work truck. Defendant R. Goodman stated to Plaintiff, "To put our pants back on if you guys are done jerking and sucking each other off," in the presence of other offenders.

30. Plaintiff and Offender J. Studer heard and seen Defendant R. Goodman made a derogatory sick joking manner by stating "Have you guys ever tickle behind an elephant ears?" Plaintiff and Offender J. Studer replied by stating "No." Defendant R. Goodman made a sexual gesture with his two index fingers in his pant

PRISONER VERIFIED COMPLAINT pg. 7

zipper location sticking out as it was a penis figure by Defendant R. Goodman stating, "Do you want to pet his trunk."

31. Plaintiff had never participate or engage with Defendant R. Goodman jokingly manner at any time during his employment at Waste Water.

32. Defendant R. Goodman had made sexual comments toward Plaintiff by stating, "Why are you wearing tight jean pant today, are you selling your ass for Commissary this week?"

33. Plaintiff, Offenders J. Studer and T. Lovenberg were all talking with Defendant R. Goodman what was the number of turn over rate with inmates working with him for Waste Water? Defendant R. Goodman stated, "that he had hired between 20-26 inmates last year 2024, and that most of them had gotten fired and/or denied for a parole release date."

34. Plaintiff, Offenders J. Studer and T. Lovenberg believe that Defendant R. Goodman used that statement as a weapon manner if we ever report his unethical and/or unprofessional misconduct toward us, that the same result would likely happen.

35. Defendant J. Funk had failed to report or intervene as a bystander he had a realistic opportunity to prevent or stop this outrageous verbal sexual harassment and/or discrimination that were being made toward Plaintiff and other offenders.

36. Plaintiff and Offender Tommy Lovenberg as a mentor for Elevate tried to inform and set up an appointment for meeting with Defendant Warden N. Barlow-Hust either by concern form and/or

PRISONER VERIFIED COMPLAINT pg. 8

notifying the shift Commander's office to no availability.

37. The Plaintiff had sent a concern form to Defendant Warden N. Barlow-Hust on January 7, 2025 that was being "Pass the Buck" around the Administration Office or being ignored by stating, "What this meeting is regarding to?"

38. Plaintiff was uncomfortable and in fear of retaliation by explaining the sexual harassment and discrimination situation on a concern form that IDOC staff personnel read them first and signed it to be processed.

39. Approximately January 2025 Plaintiff was informed by offender T. Lovenberg as a SICI mentor for Elevate that he has ties and was able to have a discussion with Defendant Warden N. Barlow-Hust regarding to the verbal sexual harassment that taken place in Waste Water.

40. In addition, that Offender T. Lovenberg was working with the Plaintiff at Waste Water and that he is also a SICI Certified mentor.

41. The SICI mentor has a weekly meeting with Defendant Warden N. Barlow-Hust for any update or situations that are happening around the compound facility.

42. Defendant Warden N. Barlow-Hust was aware and had first hand personal information and knowledge of the verbal sexual harassment that been ongoing in Waste Water by Defendant R. Goodman. Defendant N. Barlow stated, "She does not have time for this, and that she was busy handling

other priority."

43. On February 19, 2025 Defendant R. Goodman made an outlandish comment toward Plaintiff by stating, "It doesn't take a stupid retard three days to replace a chain link on the seeder."

44. During that same day Plaintiff was laying down alfalfa seeds on the field when he was driving the John Deere tractor in the middle of a rain storm. Defendant R. Goodman ran out of his work truck screaming and yelling at the Plaintiff why is there mud flying all over the place.

45. Plaintiff explained to Defendant R. Goodman in a calm collective manner that he had to shift it in a higher gear to avoid getting stuck in the muddy field.

46. Defendant R. Goodman stated, "That is it we are done for the day." Plaintiff went to Defendant R. Goodman office to speak with him if he had a problem that we can talk about it outside away from other offenders.

47. Plaintiff again voice his concern and his frustration by letting Defendant R. Goodman know that he will not tolerate the verbal sexual name calling or talk down by disrespectful comments about his physical disabilities.

48. Plaintiff did inform Defendant R. Goodman that he would be filing a complaint within IDOC Administration Office regarding the sexual and discrimination harassing comments that were made toward him.

49. On February 19, 2025 Defendant R. Goodman immediately terminated

PRISONER VERIFIED COMPLAINT pg. 10
Access to Court—Indigent Paper

the Plaintiff from Waste Water treatment without any justification or good cause.

50. While Plaintiff was employed for six months with Waste Water, Defendant J. Funk turned a blind eye allowing Defendant R. Goodman to continue to make consistence patterns of sexual and discriminatory comments toward Plaintiff that gotten out of control without informing or notifying his supervisor and/or superior IDOC official until Plaintiff was let go from Waste Water.

51. That same day on February 19, 2025 Defendant J. Funk had a change of heart finally informed his supervisor Bob Holmes from Maintenance office to start an investigation of Defendant R. Goodman about his unethical and unprofessional standard of conduct.

52. The next day on February 20, 2025 Bob Holmes a Maintenance supervisor gather all informations and written statements from Plaintiff, Offenders J. Studer and T. Lovenberg to start an investigation regarding Prison Rape Elimination Act (PREA), discrimination and IDOC policies guideline violations.

53. On February 24, 2025 Plaintiff was called into the SICI Administration Office and was investigated by Special Investigation Unit (SIU) by sergeant Dax Anderson and Fremount (Freeman). During questioning the Plaintiff was extremely emotional, embarassed and in tears at the interview, which had been recorded via audio.

54. This investigation was audio recorded by SIU that Offenders J. Studer and T. Lovenberg are on record for Subpeona or

PRISONER VERIFIED COMPLAINT pg. 11

Deposition for discovery.

55. Based on information and belief that there were two more other offenders from SICI facility _____, _____ had reported a similar sexual harassment that was made directly toward them by Defendant R. Goodman while they were working in the plumbing shop or Motor pool dept.

56. To Plaintiff belief and knowledge that Defendan R. Goodman was on paid Administrative leave for approximately two months and returned back to his Waste Water position on June 6, 2025.

57. In addition a month later on July 3, 2025 Defendant R. Goodman was let go and no longer working for IDOC Waste Water.

58. Defendant R. Goodman act maliciously and sadistically as Deliberate Indifference to risk of pattern and repeated verbal abuse by his direct discrimination and sexual harassment toward the Plaintiff.

59. Defendants B. Derrick and above name IDOC Defendants personnel were aware of the applicable law rules, regulation, SOP and policies in place to be followed, because of their deficiencies in supervision, training and failure to enforce protective policies such as PREA and IDOC guideline of ethics and standards of conduct control number 217.07.01.001.

60. Defendant R. Goodman failed to follow the nationwide PREA field Memorandum policy when he is supposed to be properly

PRISONER VERIFIED COMPLAINT pg. 12
Access to Court – Indigent Paper

trained according to Control number 149.01.01.001 "Sexual Harassment by Staff-Resident."

61. Defendant R. Goodman did violate Title II of the ADA or RA by his direct intentional Discrimination toward Plaintiff under the Deliberate Indifference standard.

62. Especially, that Defendant R. Goodman continued to dehumanized the Plaintiff by his speech impediment disabilities.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

63. The Plaintiff has exhausted his entire Administrative Remedies with PREA investigation and Idaho State law Tort claim to no response back after 90 day period.

64. The Plaintiff has exhausted his Administrative Remedies with respect to all claims and all Defendants.

## VI. CLAIMS FOR RELIEF

65. The actions of Defendant R. Goodman in using intentional sexual verbal abuse and discrimintory comments against the Plaintiff without need or provocation, were done maliciously and sadistically and constituted Cruel and Unusual punishment in violation of the Eighth Amendment of the United States Constitution.

66. The actions of Defendant R. Goodman in using intentional sexual verbal abuse and discrimintory comments against the Plaintiff without need or provocation constituted the Tort of verbal abuse

PRISONER VERIFIED COMPLAINT pg. 13
Access to Court – Indigent Paper

patterns of sexual assualt and battery under the law of Idaho. by violating the PREA and IDOC policy guideline. Plaintiff received serious physical for Mental and Emotional injuries.

67. The actions of Defendant R. Goodman in using intentional Discrimination under Title II of the ADA or RA, denied the Plaintiff Equal Protection Clause of law in violation of the Fourteenth Amendment to the United States Constitution.

68. The failure of Defendants J. Funk and Warden N. Barlow-Hust to take initiative or other action to curb the known pattern of sexual harassment abuse of Plaintiff by Defendant R. Goodman constituted Deliberate Indifferance to the Plaintiff's safety, and contributed to and proximately caused the above-described violations of Eighth and Fourteenth Amendments, Title II of ADA or RA rights, and verbally repeated sexual assualt.

69. The failure of Defendant J. Funk to act on his knowledge of a substantial risk sexual harassment, intentional discrimination of serious harm to Plaintiff, violated his Eighth and Fourteenth Amendments right to be free from Deliberate Indifference in prison work environment.

70. Defendants J. Funk and Warden N. Barlow-Hust breached that duty by failing to report and investigate this incident sooner when it had gotten out of control by Defendant R. Goodman sexual misconduct behavior, by dehumanize the Plaintiff disabilities.

71. The actions of Defendants B. Derrick and Warden N. Barlow-

Hust for their failure to oversee and train prison staff officials to follow all protocol under PREA and IDOC guideline that was Deliberately Indifferent and lack of training actually caused the constitutional harm or deprivation of Plaintiff rights.

72. Defendants B. Derrick and Warden N. Barlow-Hust in violation of the Title II of ADA and RA, requires that public entities including Correctional personnel or Maintenance staffs receiving federal financial assistance must be in compliance with ADA and RA by making reasonable steps, training and service that prohibits Defendant R. Goodman discrimination on the basis of Plaintiff's Disabilities, that he had sustained in this Verified Complaint.

73. Defendants B. Derrick, Warden N. Barlow and J. Funk owed Plaintiff a duty of reasonable care to protect him from an ongoing sexual and discriminatory comments by Defendant R. Goodman.

74. The breach of all above name Defendants duty resulted in serious physical, Mental and Emotional injuries and damages.

75. The breach of all above name Defendants duty proximately cause those damages.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the U.S. Court grant the following relief:

A. Issue an Injunction ordering Defendant's B. Derrick, and Warden N. Barlow-Hust, or agent to:

1. Immediately arrange all IDOC personnel to follow all protocol under PREA and IDOC policies guideline regarding to sexual harassment including yearly refreshment training course of all prison official that is employed by IDOC; and

2. Immediately arrange all IDOC personnel to follow all requirement, regulation under the Title II of the ADA and RA by making reasonable steps, training and service that prohibits discrimination comments on the basis of Plaintiff's or other Offenders disabilities.

B. Award compensatory damages in the following amounts:

1. $500,000 against Defendant R. Goodman for the physical as Mental Anguish and Emotional injuries sustained as a result of the Plaintiff's prolong verbal sexual and discrimination abuse; and

2. $100,000 jointly and severally against Defendants J. Funk, Warden N. Barlow-Hust and B. Derrick for

the physical as Mental Anguish and Emotional injuries resulting from their failure to follow all protocol under PREA and IDOC guideline that they had knowledge and been aware of.

C. Award Punitive damages in the following amounts:
  1. $50,000 against Defendant R. Goodman; and
  2. $20,000 each against Defendants J. Funk, Warden N. Barlow-Hust and B. Derrick.

D. Grant such other relief as it may appear that Plaintiff is entitled.

## VIII. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the Plaintiff in this action, that I have read the Verified Complaint, and that the information contained in the Verified Complaint is true and correct

copies. 28 USC §1746; 18 USC §1621; and that I gave the Verified Complaint to IDOC Paralegal at SAWC resource center for mailing and electronically by filing with the U.S. Clerk of the Court in the State of Idaho.

Executed at SAWC on August 15, 2025.

_____
Plaintiff's Signature